**Last revised: August 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: RICHARD A. TURNER, SR., | Case No.: 17-21981 VFP |
| | Judge: VINCENT F. PAPALIA |
| Debtor(s) | |

## Chapter 13 Plan and Motions

☐ Original        ☒ Modified/Notice Required        Date:    AUGUST 13, 2017

☒ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*.  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien.  The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate.  An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __HR_____        Initial Debtor: _____RT____        Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ 300__ per __MONTH__ to the Chapter 13 Trustee, starting on __JULY OF 2017_____ for approximately __THIRTY-SIX (36)__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 11 HAWTHORNE AVE., EAST ORANGE, NEW JERSEY.  TRUSTEE IS NOT TO PAY WELLS FARGO HOME MORTGAGE'S, PRE-PETITION MORTGAGE ARREARAGE CLAIM.  ARREARS DUE TO WELLS FARGO HOME MORTGAGE, ARE TO BE ADDRESSED THROUGH LOAN MODIFICATION.  DEBTOR TO MAKE LOSS MITIGATION PAYMENT, NOT REGULAR MONTHLY PAYMENT, STARTING IN JULY OF 2017, TO BE PAID BY THE DEBTOR DIRECTLY TO WELLS FARGO HOME MORTGAGE.  PRE-PETITION ARREARS TO BE ADDRESSED THROUGH LOAN MODIFICATION.
Proposed date for completion: DECEMBER 31, 2017, OR AS EXTENDED BY THE COURT.

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan: TRUSTEE IS NOT TO WELLS FARGO HOME MORTGAGE'S PRE-PETITION ARREARAGE CLAIM.

**Part 2:    Adequate Protection ☒ NONE**

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:   Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $2,500 (ORIGINAL FEE PLUS SUPP. COUNSEL FEES) |
| DOMESTIC SUPPORT OBLIGATION | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☒ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: | | |

| Part 4: | Secured Claims |
|---|---|

**a. Curing Default and Maintaining Payments on Principal Residence:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| STATE OF NEW JERSEY, DEPARTMENT OF LABOR | JUDGMENT LIEN AND/OR STATUTORY LIEN AGAINST REAL PROPERTY LOCATED AT 11 HAWTHORNE AVE., EAST ORANGE, NJ | $12,306 | $178,100 | WELLS FARGO HOME MORTGAGE IAO $639,624.97 | NO VALUE | N/A | NO VALUE |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| HARLEY-DAVIDSON CREDIT CORP. | 2012 HARLEY-DAVIDSON XL 1200X MOTORCYCLE | $UNKNOWN | SURRENDER. UNKNOWN. |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan: i. Consumer Portfolio Service, continued payments, on automobile loan, regarding a 2012 Ford Escape, no arrears. Continued payments by the Debtor directly to Consumer Portfolio Services, no arrears.   ii. City of East Orange, no payments on second mortgage. Mortgage does not require payments. Due on sale and/or expires by its own terms. No payments to the City of East Orange, regarding second mortgage against real property.

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:   Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than ____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:   Executory Contracts and Unexpired Leases ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| | | | | |

**Part 7:   Motions ☐ NONE**

**NOTE:** All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

   a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

   b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.   ☐ NONE

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

| STATE OF NEW JERSEY, DEPARTMENT OF LABOR | STATUTORY LIEN AND/OR JUDGMENT LIEN AGAINST REAL PROPERTY | $12,306 | $178,100 | WELLS FARGO HOME MORTGAGE IAO $639,624.97 | NO VALUE | ENTIRE LIEN/JUDGMENT IAO $12,306 |

   c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

   The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Part 8:    Other Plan Provisions**

### a. Vesting of Property of the Estate

☒ Upon confirmation

☐ Upon discharge

### b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions, Counsel Fees and Supplemental Counsel Fees

2) Secured Claims

3) Priority Claims

4) Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:   Modification   ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: ____JUNE 11, 2017_____.

| Explain below **why** the plan is being modified:<br>TO ADDRESS HARLEY-DAVIDSON'S CLAIM RELATING TO THE MOTORCYCLE WHICH HAD PREVIOUSLY BEEN STOLEN HOWEVER THE CLAIM WAS FILED AS A SECURED CLAIM | Explain below **how** the plan is being modified:   NO CHANGE IN THE PLAN OTHER THAN TO CALL FOR THE SURRENDER OF THE COLLATERAL TO HARLEY-DAVIDSON.  NO OTHER CHANGES IN THE PLAN. |
|---|---|

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☒ No

Case 17-21981-VFP    Doc 26    Filed 09/14/17    Entered 09/15/17 00:41:49    Desc Imaged
                            Certificate of Notice    Page 10 of 13

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: SEPTEMBER 8, 2017                                  /S/ HERBERT B. RAYMOND, ESQ.
                                                          Attorney for the Debtor


Date:  SEPTEMBER 8, 2017 _____          /S/ RICHARD A. TURNER, SR._____
                                                          Debtor


Date:                   _____           /S/ _____
                                                          Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: SEPTEMBER 8, 2017     __  ___                    /S/ HERBERT B. RAYMOND, ESQ._____
                                                      Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: SEPTEMBER 8, 2017 _____                    /S/ RICHARD A. TURNER, SR._____
                                                      Debtor

Date:                   _____               /S/ _____
                                                      Joint Debtor

```
                         United States Bankruptcy Court
                              District of New Jersey
In re:                                                          Case No. 17-21981-VFP
Richard A Turner, Sr.                                           Chapter 13
        Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0312-2          User: admin              Page 1 of 2               Date Rcvd: Sep 12, 2017
                              Form ID: pdf901         Total Noticed: 30
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 14, 2017.
```
db             +Richard A Turner, Sr.,    11 Hawthorne Avenue,    East Orange, NJ 07018-4008
516876874      +Aes/Deutsche Elt,    PO Box 61047,    Harrisburg, PA 17106-1047
517058257       Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
516876875       Carecentrix,    PO Box 277947,    Atlanta, GA 30384-7947
516876876      +Cbna,    PO Box 6283,    Sioux Falls, SD 57117-6283
516876877      +Chase Card,    PO Box 15298,    Wilmington, DE 19850-5298
516876878       Comenity Bank,    PO Box 182273,    Jeffersonville, OH 43128-2273
516932512      +Harley-Davidson Credit Corp.,    PO Box 9013,    Addison, Texas 75001-9013
516876886      +Newark Federal Employees Fcu,    970 Broad St., Ste. 735,    Newark, NJ 07102-2506
516910590      +PHEAA,    PO Box 8147,    Harrisburg, PA 17105-8147
516876891     ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
                (address filed with court: State of New Jersey,    Division of Taxation,    Bankruptcy Section,
                 PO Box 245,    Trenton, NJ 08646-0245)
516876888      +Shapiro & Denardo, LLC,    14000 Commerce Parkway, Ste. B,    Mount Laurel, NJ 08054-2242
516876892      +State of New Jersey,    Division of Taxation,    PO Box 046,    Trenton, NJ 08601-0046
516876889       State of New Jersey,    Department of Labor,    PO Box 951,    Trenton, NJ 08625-0951
516876890      +State of New Jersey,    Division of Taxation,    50 Barrack Street, P.O. Box 269,
                 Trenton, NJ 08646-0269
516876894      +The City of East Orange,    44 City Hall Plaza,    East Orange, NJ 07018-4500
516993136      +Wells Fargo Bank, N.A.,    Attention: Payment Processing,    MAC# X2302-04C,    1 Home Campus,
                 Des Moins, Iowa 50328-0001
516876895       Wells Fargo Home Mortgage,    4080 Hallmark Parkway,    San Bernardino, CA 92407
516878522      +Zelda Haywood,    111 Eastern Parkway,    Newark, NJ 07106-2908
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Sep 13 2017 00:34:54      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 13 2017 00:34:48      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
cr             +E-mail/PDF: gecsedi@recoverycorp.com Sep 13 2017 00:39:52
                 Synchrony Bank c/o PRA Receivables Management, LLC,    PO BOX 41021,    Norfolk, VA 23541-1021
516876879      +E-mail/Text: bankruptcy@consumerportfolio.com Sep 13 2017 00:35:01
                 Consumer Portfolio Service,    PO Box 57071,    Irvine, CA 92619-7071
516876880      +E-mail/Text: bankruptcy.notices@hdfsi.com Sep 13 2017 00:35:29      ESB/Harley Davidson Credit,
                 PO Box 21829,    Carson City, NV 89721-1829
516876883       E-mail/Text: cio.bncmail@irs.gov Sep 13 2017 00:34:20      Internal Revenue Service,
                 Insolvency Operations,    PO Box 21125,    Philadelphia, PA 19114
516876884      +E-mail/Text: bnckohlsnotices@becket-lee.com Sep 13 2017 00:34:08      Kohls/Capone,
                 N56 W 17000 Ridgewood Dr,    Menomonee Falls, WI 53051-7096
516876885      +E-mail/Text: bankruptcydpt@mcmcg.com Sep 13 2017 00:34:47      Midland Funding,
                 2365 Northside Drive,    Ste. 30,    San Diego, CA 92108-2709
516876887      +E-mail/PDF: cbp@onemainfinancial.com Sep 13 2017 00:40:50      Onemain,    PO Box 1010,
                 Evansville, IN 47706-1010
516876893       E-mail/PDF: gecsedi@recoverycorp.com Sep 13 2017 00:40:53      Syncb,    C/o PO Box 6153,
                 Rapid City, SD 57709
516877522      +E-mail/PDF: gecsedi@recoverycorp.com Sep 13 2017 00:39:52      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                               TOTAL: 11

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516876882*    ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                 PHILADELPHIA PA 19101-7346
                (address filed with court: Internal Revenue Service,    Philadelphia, PA 19255-0010)
516876881*    ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                 PHILADELPHIA PA 19101-7346
                (address filed with court: Internal Revenue Service,    Special Procedures Function,
                 PO Box 724,    Springfield, NJ 07081)
                                                                                      TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-2          User: admin              Page 2 of 2             Date Rcvd: Sep 12, 2017
                              Form ID: pdf901          Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 14, 2017                                              Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 8, 2017 at the address(es) listed below:
          Brian C. Nicholas    on behalf of Creditor    Harley-Davidson Credit Corp bnicholas@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Charles G. Wohlrab    on behalf of Creditor    WELLS FARGO BANK, N.A. cwohlrab@logs.com,
           njbankruptcynotifications@logs.com
          Herbert B. Raymond    on behalf of Debtor Richard A Turner, Sr. bankruptcy123@comcast.net,
           jeff.raymond@comcast.net;raymondmail@comcast.net;carol-raymond@comcast.net;bankruptcyattorneys@co
           mcast.net;herbertraymond@gmail.com;carbonell_c@hotmail.com;kdelyon.raymond@gmail.com
          James M. Bennett    on behalf of Plaintiff    New Jersey Department of Labor & Workforce
           Development, Division of Unemployment and Disability Insurance james.bennett@dol.lps.state.nj.us
          Marie-Ann Greenberg    magecf@magtrustee.com
          U.S. Trustee.    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 6
```